IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL JOHNSON, # 08388-003,  :

  Plaintiff,  :

vs.  :  CIVIL ACTION 08-0054-KD-C

MICHAEL GRAVES, et al.,  :

  Defendants.  :

## REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate proceeding *pro se*, filed a *Bivens* action.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful consideration, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that the Court decline to exercise its subject matter jurisdiction over plaintiff's claims arising under state law..

**I.  Complaint (Doc. 1).**

Plaintiff filed a typewritten complaint naming as defendants Drug Enforcement Administration ("DEA") agents Michael Greaves, Tiras Cunningham, Guy Baker, and Debora Cotton, and DEA forensic chemists Darrell L. Davis and Cornell Wilson, Jr. (Doc. 1 at 2-4).  Plaintiff's claims are brought pursuant to  *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), several amendments to the Constitution, 42 U.S.C. § 1983, and 18 U.S.C. § 1346,[1] and plaintiff seeks to invoke the supplemental jurisdiction of the Court.  (*Id.* at 5).

Plaintiff alleges the following in his complaint.  (Doc. 1).  On August 16, 2002, defendants Greaves and Cunningham began investigating plaintiff for trafficking and selling controlled substances.  (*Id.* at 6).  As a result of the investigation, defendants Greaves, Cunningham, and Baker used a confidential informant to purchase cocaine from plaintiff.  (*Id.*).  Plaintiff alleges that defendants Greaves, Cunningham, and Baker arranged "to purchase powder cocaine from plaintiff . . . [but] did falsely report and record that such purchase was 'crack' cocaine, rather than powder cocaine, which if were

---

[1]In regard to plaintiff's claims arising under various provisions of federal law, the Court is addressing his claims for violations of constitutional amendments in the context of a *Bivens* action, which is a court-created remedy for violations of constitutional rights by a person acting under color of federal law.  *Bivens,* 403 U.S. at 397, 91 S.Ct. at 2005.  Whereas, § 1983 provides a statutory remedy for deprivations of federal rights by a person acting under color of state law.  Inasmuch as plaintiff has not alleged that a defendant acted under color of state law, § 1983 is inapplicable to plaintiff's claims and any reference thereto is without merit.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31(1986).  And 18 U.S.C. § 1346 provides: "For the purpose of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services."  The section preceding 18 U.S.C. § 1346 makes it a crime for someone who "knowingly executes, or attempts to execute, a scheme or artifice – (1) to defraud a financial institution . . . ."  18 U.S.C. § 1344.  Thus, plaintiff apparently is seeking to enforce a violation of a criminal statute.  However, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."  *Otero v. United States Attorney General,* 832 F.2d 141, 141 (11th Cir. 1987) (affirming the dismissal of an action seeking the writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149 (1973)); *see Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375, 379-82 (2d Cir. 1973) (affirming the dismissal of a complaint seeking the investigation and prosecution of persons who allegedly violated federal and state criminal statutes).  Accordingly, any claim under 18 U.S.C. § 1346 is frivolous as a matter of law.

true, would greatly enhance plaintiff's punishment range if convicted." (*Id.* at 6).

Then, on March 11, 2003, defendants Greaves and Cotton used a confidential informant to purchase cocaine from plaintiff which they "falsely" reported as crack cocaine. (*Id.* at 6-7). On March 11, 2003, defendant Greaves did attempt to purchase crack cocaine from plaintiff, but plaintiff said that he did not possess or sell crack cocaine. (*Id.* at 7).

On April 4, 2003, defendants Greaves, Cunningham, Baker, and Cotton arranged to purchase powder cocaine from plaintiff. (*Id.*). Defendant Greaves asked plaintiff for crack cocaine, but plaintiff said that "he did not sell or possess 'crack' cocaine." (*Id.*). Notwithstanding, defendant Greaves "advised plaintiff to 'cook' or convert the powder cocaine into 'crack' form prior to delivery to [him]," which plaintiff refused to do. (*Id.* at 8). However, plaintiff did sell cocaine to an informant who worked for defendant Greaves. (*Id.*). Defendants Greaves, Cunningham, Baker, and Cotton did "falsely" report that plaintiff had sold crack cocaine. (*Id.*).

 In addition, on April 4, 2003, at a Texaco station in Mobile, Alabama, when plaintiff left the vehicle in which he was a passenger, defendants Greaves, Cunningham, Baker, and Cotton told him that he was being placed under arrest. (*Id.* at 9). Plaintiff alleges that then he was "viciously assaulted by [defendants] Greaves, Cunningham, Baker, and Cotton" without justification. (*Id.*). Plaintiff maintains that he was placed in a choke-hold by defendant Greaves, kicked in lower legs, slammed into the asphalt and concrete, and hit in the head, shoulders, and back. (*Id.* at 10-11).

3

Criminal proceedings against plaintiff based on multiple violations of the Federal Controlled Substances were commenced by defendants Greaves, Cunningham, Baker, and Cotton.  (*Id.* at 8).  Defendant Greaves is alleged to have known that plaintiff would face increased penalties if the seized drugs were determined to be crack cocaine as compared to powder cocaine.  (*Id.* at 11).   Defendants "Greaves, Cunningham, Baker and Cotton were aware that plaintiff had sold the powder form of cocaine, and not 'crack', and that by falsely and maliciously misrepresenting the cocaine to be 'crack', they did jointly conspire, and did in fact falsely charge and prosecute plaintiff for 'crack' sales."  (*Id.*).  In furtherance of the conspiracy, when defendant Greaves forwarded the drugs to defendants Wilson and Davis for testing and analysis, he "specifically ordered that <u>no</u> analysis or forensic confirmation, other than the seized items contained cocaine, was to be conducted[.]"  (*Id.* at 11-12).

Plaintiff avers that "[u]pon information and belief" defendant Wilson contacted defendant Greaves when he received the drugs.  (*Id.* at 12).  Plaintiff maintains that defendants Wilson and Davis had reason to know that plaintiff had been charged with crimes involving crack cocaine which has enhanced penalties, and that defendant Greaves sought to limit testing so it could not be determined that the drugs were not crack cocaine.  (*Id.*).  Nonetheless, defendants Wilson and Davis allegedly failed to conduct a proper analysis even though they knew the substance was not crack cocaine.  (*Id.* at 13).

On February 6, 2004, defendant Greaves is alleged to have testified falsely in the United States District Court, stating that plaintiff had possessed and sold crack cocaine

4

even though defendant Greaves knew the substance was not crack cocaine.  (*Id.* at 14).
And defendant Wilson testified that "he was unable to determine that the drugs seized
from plaintiff were not crack."  (*Id.* at 15).  Defendants Greaves and Wilson are alleged to
have conspired to deprive plaintiff of his civil rights by testifying falsely and thereby
adopting the continuing conspiracy.  (*Id.*).  As result of these actions, plaintiff received an
allegedly unwarranted sentence because it was based on crack cocaine.  (*Id.*).

For relief, plaintiff seeks compensatory and punitive damages, costs, and attorney
fees.

## II.  Standards of Review Under 28 U.S.C. § 1915A(b).

Under 28 U.S.C. § 1915A(b)(1), the Court is required to review a complaint filed
by a prisoner against a governmental official and to "dismiss the complaint, or any
portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a
claim upon which relief may be granted[.]"  This review "applies to any suit by a prisoner
against certain government officials or entities regardless of whether that prisoner is or is
not proceeding IFP."  *Martin v. Scott,* 156 F.3d 578, 579 (5th Cir.), *cert. denied,* 527 U.S.
1041 (1999).  The Court observes that in the present action plaintiff is suing government
officials and, after initially filing a motion to proceed without prepayment of fees, he paid
the $350 filing fee.[2]

_____

[2]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made
many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B) and § 1915A,
the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S.
319, 109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th  Cir.),
*cert. denied*, 534 U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).

Under 28 U.S.C. § 1915A(b), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.* Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is entitled to relief.'" *Id.* at 1966 (second brackets in original). "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief. *Id.* at 1959. However, when a successful affirmative

─────────────

However, dismissal under § 1915(e)(2)(B), or § 1915A(b), is now mandatory. *Bilal*, 251 F.3d at 1348-49.

defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

## III. Discussion.

### A. Plaintiff's Criminal Proceedings.

Plaintiff is challenging his convictions and sentences for violations of the Federal Controlled Substances Act. (Doc. 1 at 8). Plaintiff did not identify his convictions or sentences. An examination of this Court's criminal docket reflects that plaintiff was arrested on April 2, 2003, which is near the April 4, 2003 date in his complaint when his claim for excessive force during an arrest arose. The docket shows that he pled guilty in three criminal actions, CR 03-00056-CB, CR 03-00061-CB, and CR 03-00094-CB, to possession with intent to distribute crack cocaine (Doc. 41), to conspiracy with intent to distribute crack cocaine (Doc. 58), and to attempting to possess with intent to distribute crack cocaine (Doc. 37), respectively, all of which concern crack cocaine which is the illegal substance forming the basis for his claims.[3] And a motion for court order in aid of sentencing (Doc. 33) indicates that plaintiff's guilty pleas were entered with the agreement that for sentencing purposes a subsequent determination would be made as to whether the illegal substance was crack cocaine, which indicates plaintiff's present

---

[3]The Court's references to documents from these three criminal actions will appear in this sequence if possible. However, not every document is entered on each docket, e.g., not all of documents regarding the consolidated appeal are recorded on each docket. However, the docket of CR 03-00056-CB appears to contain all of the documents.

position that there is a dispute as to specific nature of the sold cocaine. Plaintiff received a sentence of 124 months for each conviction with the sentences ordered to be served concurrently. (Docs. 58, 75, 52).

Plaintiff appealed his convictions and sentences in a consolidated appeal. (Docs. 75, 89, 67). His appeal was dismissed based on a valid appeal waiver in his plea agreement. (*Id.*). Plaintiff then appealed to the United States Supreme Court, which resulted in the Court remanding the appeal in light of its decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 783 (2005). (CR 03-00056-CB, Doc. 78). Nonetheless, on remand, the Eleventh Circuit Court of Appeals dismissed plaintiff's appeal on June 10, 2005. (*Id.* at 3).

On August 2, 2007, plaintiff filed a motion under 28 U.S.C. § 2255. (Doc. 79, 92). Then a preliminary order was entered to reduce plaintiff's sentences pursuant to 18 U.S.C. § 3582(c)(2) because a retroactive amendment to the United States Sentencing Guidelines reduced "the sentencing ranges for offenses involving cocaine base." (Docs. 80, 108, 72). The Court noted that plaintiff's "original sentencing range was 121 to 151 months, and the Court imposed a low-end sentence of 124 months." (*Id.*). Plaintiff was advised that under "the revised guidelines calculation . . . [his] new guidelines range [was] 100 to 125." (*Id.*). On May 9, 2008, plaintiff's sentences were reduced to 103 months each. (Docs. 87, 137, 75).

### B. Plaintiff's Sentencing Claims.

Plaintiff presents two types of claims in his complaint, claims related to his

criminal sentences and a claim for the use of excessive force during his arrest. Plaintiff's claims related to his sentences are based on the argument that the illegal substance involved was powder cocaine, and not crack cocaine for which he was sentenced.  If the Court were to rule favorably for plaintiff on these claims, plaintiff's sentences would be invalidated by such a ruling.  In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), a damages claim that would have the effect of invalidating an outstanding conviction or sentence was not allowed to proceed in a § 1983 action until the underlying conviction or sentence had been invalidated because no cause of action existed until then.  *Id.* at 486-87, 114 S.Ct. at 2372-73.  The *Heck* Court analogized its plaintiff's claim to a common-law cause of action for malicious prosecution, which has as a required element that the accused prove the termination of the prior criminal proceeding in favor of the accused.  *Id.* at 484, 114 S.Ct. at 2371.  Thus, the Court ruled that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87, 114 S.Ct. at 2372-73.  The ruling from *Heck* is applied to *Bivens* actions as well.  *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995).

In the present action *Heck* requires that plaintiff show that his sentences have been invalidated before he can proceed on his damages claims challenging his sentences.

Plaintiff did not made this showing in his complaint and, after a review of the Court's docket, the Court finds that plaintiff cannot make this showing.

Furthermore, in the complaint plaintiff provides no information concerning the proceedings involving his sentences. The docket reflects that after the Court received the present action on January 25, 2008 (Doc.1), plaintiff's sentences were reduced on May 9, 2008 by the Court based on a retroactive amendment to the United States Sentencing Guidelines. *See* CR 03-00056-CB, Docs. 80, 83, 88. Assuming *arguendo* that plaintiff may contend that the reduction in the length of his sentences is an invalidation, the Court finds that this argument would be without merit. Plaintiff's sentences were reduced, not on the finding that the illegal substance was something other than crack cocaine, but on a change in the law reducing the amount of time given to inmates who were convicted of crimes involving crack cocaine. It could be said that this ruling confirms the fact that plaintiff's convictions and sentences are based on offenses involving crack cocaine. In addition, not every termination of a criminal proceeding for the accused satisfies the invalidation requirement of *Heck*. *Whiting v. Traylor,* 85 F.3d 581, 585 n.9 (11th Cir. 1996) ("The question of whether a disposition is 'favorable' is not always an easy one. For example, in *Singer,* 63 F.3d at 118, the Second Circuit held that a dismissal in the interests of justice was a not a favorable termination. The Florida Supreme Court discussed the meaning of 'favorable termination' in *Alamo Rent-A-Car, Inc. v. Mancusi,* 632 So.2d 1352, 1356 (Fla. 1994) (observing that not all nol pros dispositions result in a termination in defendant's favor)"); *see Wood v. Kesler,* 323 F.3d 872, 882 (11th Cir.

2003) (finding that the malicious prosecution claim was without merit because the dismissal of the charge was not a favorable termination for plaintiff when probable cause was present to arrest him); *Kelly Serna,* 87 F.3d 1235, 1240-42 (11th Cir. 1996) (finding that probable cause was present causing plaintiff to be unable to show a favorable termination necessary for stating a malicious prosecution claim); *cf. Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir. 1998) (finding that a malicious prosecution claim was stated because the dismissal of the charge did not occur pursuant to an agreement and was thus a favorable termination for the plaintiff).    Accordingly, plaintiff's sentences have not been invalidated in a manner prescribed by *Heck* so as to allow his claims to proceed in this *Bivens* action.

### C.  Plaintiff's Excessive Force Claim.

Plaintiff's other claim in this action is for the use of excessive force during his arrest on April 4, 2003.  The Court received plaintiff's complaint on January 25, 2008, almost five years from when the alleged the excessive use of force took place.  Whereas, in a *Bivens* action a plaintiff is required to file his claim within two years from the claim's accrual.

The statute of limitations in a *Bivens* action is identical to the statute of limitations in a § 1983 action.  *Kelly,* 87 F.3d at 1238.  The statute of limitations in a § 1983 action is borrowed from a state's statute of limitations for personal injury actions because a § 1983 action is described as a constitutional tort action.  *Wallace v. Kato,* 127 S.Ct. 1091, 1094 (2007).  Thus, in Alabama the statute of limitations for a § 1983 action is two years.

*Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues.  *Wallace,* 127 S.Ct. at 1095.  Under federal law, "'[accrual occurs] when the plaintiff has 'a complete and present cause of action'' . . . that is, 'when plaintiff can file suit and obtain relief.'"  *Id.* (brackets in original) (citations omitted).

In the present action, plaintiff knew of his claim for excessive force at the time that it occurred and could have filed an action on it at that time.  Nonetheless, plaintiff filed the present action on or about January 25, 2008 (Doc. 1), which is well beyond two years after his claims accrued.  Accordingly, plaintiff's claim for excessive force is barred by the two-year statute of limitations and is due to be dismissed as frivolous.  *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous)*; cf. Bock,* 549 S.Ct. at 215, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).

### D.  Additional Ground for Dismissal of Criminal Proceedings Claims.

In the event that a determination may be made that *Heck* does not preclude some or all of plaintiff's claims from proceeding at this time, the two-year statute of limitations

would bar those non-precluded claims from going forward.  For example, claims that would not be precluded are those claims that would not invalidate plaintiff's convictions or sentences if the Court were to enter a favorable ruling on them.  *Heck,* 512 at 487 n.7, 113 S.Ct. at 2372 n.7.  Or, if it would be determined that plaintiff has a false arrest claim, such a claim is completed before a person is convicted and therefore is not precluded by *Heck*.[4] *Wallace,* 549 U.S. at 389, 127 S.Ct. at 1096.  In either instance plaintiff's claims against defendants Graves, Cunningham, Baker, and Cotton accrued at the time of his arrest or near the time of arrest on April 4, 2003, except for the claim based on defendant Greaves' testimony of February 6, 2004, which accrued at the time of his testimony. (Doc. 1 at 14).  And the claims against defendants Wilson and Greaves accrued at the latest at the end of plaintiff's sentencing, which occurred on February 6, 2004, when

---

[4]In a listing in the complaint, plaintiff states that "[t]his is an action for false arrest, continuing unlawful imprisonment, illegal search and seizure, wrongful arrest, and false testimony, resulting in a continuous course of deprivation and derogation of Plaintiff's various rights, as discussed, infra."  (Doc. 1 at 5).  Due to the lack of factual allegations, the Court is unable to determine whether a claim for false arrest or for illegal search and seizure would be independent claims that would require a separate ruling, as compared to being addressed in the discussion of the application of *Heck* to plaintiff's claims, *supra*.  As presented, the legal terms contained in this listing appear to be vague allegations containing legal conclusions, which do not warrant further discussion.  *See Fullman v. Graddick.* 739 F.2d 553, 556-57 (11th Cir. 1984) (vague and conclusory allegations are subject to dismissal).

defendant Graves testified.[5] [6]  (*Id.*).  Nonetheless, the Court received the present complaint on January 25, 2008, which is well beyond two years from when the claims accrued against the defendants.  Accordingly, based on the complaint's allegations and the dates provided therein, and if it is determined that there are claims not precluded by *Heck,* the two-year statute of limitations would preclude them from proceeding and would subject them to dismissal with prejudice.  *See generally Back v. Kitrell,* CA 07-0638-KD-M, 2008 WL 5377723, at *11-12 (S.D. Ala. Dec. 16, 2008) (unpublished) (dismissing a § 1983 action based on the defendants' immunity and, then in the alternative, on the *Heck* bar, and then, on the statute-of-limitations bar).

### E.  Supplemental Jurisdiction.

In addition, plaintiff seeks to invoke this Court's supplemental jurisdiction.  Federal district courts, however, have been advised to dismiss state law claims when no federal claims remain in the action.  28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any

---

[5]The docket sheet reflects that the sentencing hearing was held on January 29, 2004, with judgment being entered on February 6, 2004.  (CR 03-00056, Doc. 58).  Plaintiff refers in his allegations to defendant Greaves' testimony as occurring on February 6, 2004.  (Doc. 1 at 14).  Therefore, the Court is using February 6, 2004 as the date on which proceedings concluded regarding his initial convictions and sentences in this Court.

[6]The Court notes that a witness cannot be held liable for damages for his sworn testimony, regardless of its truthfulness, in various court-related proceedings.  *Briscoe v. LaHue,* 460 U.S. 325, 326, 340, 103 S.Ct. 1108, 1111, 1121 (1983) (finding that the police officer was entitled to absolute immunity from damages for his alleged perjured testimony at trial); *Jones v. Cannon,* 174 F.3d 1271, 1281 (11th Cir. 1999) (extending witness immunity to a person testifying before the grand jury).

remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *Nolin v. Isbell,* 207 F.3d 1253, 1258 (11th Cir. 2000) (recommending that supplemental jurisdiction be declined because there are no federal claims remaining in the action).  Because plaintiff's federal claims are recommended for dismissal, it is recommended that plaintiff's state law claims be dismissed without prejudice and the Court's supplemental jurisdiction not be exercised.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *See Abella,* 63 F.3d at 1065 (affirming the dismissal with prejudice of plaintiff's *Bivens* damages claims so they may be brought again when *Heck* is satisfied).  It is further recommended that the Court decline to exercise its subject matter jurisdiction over plaintiff's claims arising under state law.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 10th day of April, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.       ***Objection***.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE